**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Jody Delano Hairston,<br><br>Plaintiff,<br><br>v.<br><br>State of South Carolina (Solicitor's Office), Darlington County Sheriff's Department, and Officer Montae A. Gregg,<br><br>Defendants. | C/A No. 4:26-cv-00992-JD-MHC<br><br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry (DE 7), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends dismissing Plaintiff Jody Delano Hairston's ("Plaintiff") Complaint (DE 1), brought pursuant to 42 U.S.C. § 1983, without prejudice, without leave to amend, and without issuance and service of process. No objections were filed. For the reasons that follow, the Court adopts the recommended disposition on the narrower grounds set forth herein.

**A. Background**

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action against the State of South Carolina (Solicitor's Office), the Darlington County Sheriff's Department, and Officer Montae A. Gregg ("Gregg"). (DE 1 at 1–4.)

Plaintiff alleges violations of his constitutional rights arising from his arrest and subsequent preliminary hearing in Darlington County, South Carolina. (*Id.* at 4–7.)

Specifically, Plaintiff alleges that, on September 19, 2025, Gregg presented a single photograph of Plaintiff to an armed-robbery victim and suggested that Plaintiff was responsible for the robbery, resulting in Plaintiff's misidentification and detention. Plaintiff also alleges that Gregg knowingly provided false testimony at an October 23, 2025, preliminary hearing concerning surveillance footage and Plaintiff's alleged use of a crowbar to enter a residence. (*Id.* at 5–7.)

Plaintiff contends that these actions violated his rights under the Fifth and Fourteenth Amendments. He requests an investigation, release from detention, accountability for the alleged misconduct, and monetary compensation. (*Id.* at 4, 7.)

The Magistrate Judge recommends dismissal on several grounds. The Report concludes that Plaintiff's pending state criminal proceedings implicate the abstention principles established in *Younger v. Harris*, 401 U.S. 37 (1971); that the named governmental defendants are not amenable to suit under § 1983; that Plaintiff's official-capacity claims are barred by sovereign immunity; and that the requested release from custody is unavailable through a § 1983 action. (DE 7 at 4–12.) The Report also addresses the sufficiency of any potential Fourth Amendment claims arising from Plaintiff's arrest and subsequent criminal proceedings. (*Id.* at 7–8.)

The Report was entered on August 12, 2026, and mailed to Plaintiff at his address of record that same day. (DE 7, 8.) No objections appear on the docket, and the time for filing objections has expired.

## B. Legal Standard

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the district court makes a de novo determination of those portions of a report to which specific objections are made. When no objections are filed, however, the Court need only satisfy itself that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an action proceeding *in forma pauperis* if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Although courts liberally construe pleadings filed by *pro se* litigants, they cannot disregard a clear failure to allege facts establishing a cognizable claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## C. Discussion

Having reviewed the Report, the Complaint, and the applicable law, the Court finds no clear error in the recommended dismissal of the Complaint as presently pleaded. The Court does not, however, adopt every ground discussed in the Report. First, Plaintiff's claims against the State of South Carolina (Solicitor's Office) and the Darlington County Sheriff's Department are subject to dismissal. A State and its

agencies are not "persons" subject to damages liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Moreover, the Eleventh Amendment generally protects a nonconsenting State and its agencies from private damages actions in federal court. *See Quern v. Jordan*, 440 U.S. 332, 340–45 (1979). The Complaint alleges no distinct facts establishing a viable federal claim against either entity. (DE 1 at 2–7; DE 7 at 6–11.)

Second, Plaintiff expressly designated Gregg as an official-capacity defendant. (DE 1 at 3.) A claim for monetary damages against a South Carolina sheriff's officer in his official capacity is, in substance, a claim against the State and is barred by sovereign immunity. *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *Will*, 491 U.S. at 71. Although a court considers the substance of a complaint and the relief sought when a defendant's capacity is unclear, *see Biggs v. Meadows*, 66 F.3d 56, 60–61 (4th Cir. 1995), Plaintiff expressly selected the official-capacity designation here. Thus, his pleaded damages claim against Gregg is barred.

The Report also reasons that grand jury indictments returned in June 2026 establish probable cause for Plaintiff's September 2025 arrest. (DE 7 at 7–8.) The Court does not rely on that reasoning. Probable cause for an arrest is assessed from the totality of the circumstances known to the officer at the time of the arrest. *See Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002). A subsequent indictment does not necessarily resolve whether an earlier arrest was supported by probable cause. Because Plaintiff's pleaded official-capacity damages claim against Gregg fails on sovereign-immunity grounds, the Court need not decide that separate issue.

Nor does the Court decide whether Plaintiff could assert an individual-capacity Fourth Amendment claim based on Gregg's alleged investigative or arrest-related conduct. Plaintiff did not expressly plead such a claim, and the Court has not considered its merits.

Third, Plaintiff cannot obtain release from detention through this § 1983 action. A challenge to the fact or duration of custody seeking immediate or speedier release lies at the core of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 500 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). To the extent that Plaintiff seeks federal intervention in pending state criminal proceedings, abstention principles also counsel against such relief absent extraordinary circumstances not shown here. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Robinson v. Thomas*, 855 F.3d 278, 285–86 (4th Cir. 2017). This conclusion concerns equitable interference in the state prosecution; it does not rest on a categorical application of *Younger* to independent damages claims.

Finally, to the extent that Plaintiff alleges defamation or another state-law tort, the Court declines to exercise supplemental jurisdiction once the federal claims are dismissed. *See* 28 U.S.C. § 1367(c)(3). Plaintiff has not alleged facts supporting an independent basis for diversity jurisdiction. Any state-law claims are dismissed without prejudice to pursuit in an appropriate forum.

Plaintiff proceeds without counsel, and the Court has liberally construed his allegations. Nonetheless, liberal construction does not require the Court to supply a claim that he did not plead. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91

(4th Cir. 1990). Plaintiff did not object to the Report or request leave to clarify Gregg's capacity in this action.

Accordingly, the Court declines to grant leave to amend sua sponte. Dismissal without prejudice resolves only the Complaint as pleaded and does not adjudicate a hypothetical individual-capacity claim.

**D. Conclusion**

For these reasons, the Court **ADOPTS IN PART** the Report and Recommendation (DE 7), insofar as it recommends dismissal of the Complaint as presently pleaded. The Court does not adopt the Report's conclusion that the subsequent indictments necessarily established probable cause for the earlier arrest.

Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**, without leave to amend in this action and without issuance and service of process, under 28 U.S.C. § 1915(e)(2)(B). The Clerk is **DIRECTED** to enter a separate judgment under Federal Rule of Civil Procedure 58, close the case, and mail this Order and the judgment to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 23, 2026